

ainsworthgorkin.com  
(212) 913-0217

439 Brooklyn Avenue,  
Brooklyn, NY 11225

September 18, 2024

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

      Re:    *ER Tennessee, LLC v. 1322 Developments, LLC, et. al.*
               Civil Action No. 1:24-cv-06587-JHR
               **Defendants' Request for Clarification on the Court's September 16, 2024 Order and for an Order Compelling Plaintiff to Comply with Federal Rule of Civil Procedure 7.1, or, in the Alternative, Ordering Jurisdictional Discovery Limited to Plaintiff's Citizenship Pursuant to 28 U.S.C. § 1332**

Dear Judge Rearden:

        This firm represents Defendants 1322 Developments, LLC, Tim Roach, Holly Roach (collectively, "Defendants"). We write to respectfully request: (1) clarification on the Court's Order dated September 16, 2024 (E.C.F. No. 10) (the "Order"), (2) that the Court issue an order staying any remand until Plaintiff discloses the information necessary to determine its citizenship, and (3) that the Court issue an order compelling Plaintiff to comply with Federal Rule of Civil Procedure 7.1 ("Rule 7.1") by filing its corporate disclosure statement, or, in the alternative, ordering jurisdictional discovery limited to determining Plaintiff's citizenship pursuant to 28 U.S.C. § 1332.

        As background, Defendants timely and properly removed this action to this Court on August 30, 2024 by invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants' Notice of Removal alleges that each Defendant is a citizen of Tennessee (E.C.F. 1, ¶¶ 7-9), thereby satisfying Rule 7.1.

Regarding Plaintiff's citizenship, the Notice of Removal alleges that, "Plaintiff is a limited liability company organized under Delaware law with its principal place of business in New York. Upon information and belief, Plaintiff does not have any members that are (1) individuals domiciled in Tennessee or (2) entities incorporated in or maintaining their principal place of business in Tennessee." *Id*. at ¶¶ 5-6. The 2022 Advisory Committee Notes to Rule 7.1 (the "Advisory Notes") explain that this is an appropriate way to plead an opposing party's citizenship, especially when such information is uniquely within the opposing party's knowledge ("Pleading on information and belief is acceptable at the pleading stage…").

However, Plaintiff failed to file its corporate disclosure statement, even after Plaintiff's counsel entered its appearance (E.C.F. No. 4), as required by Rule 7.1(b)(1). Notably, when Defendant's counsel requested that Plaintiff file its corporate disclosure statement, Plaintiff's counsel refused to do so. Thus, Plaintiff is knowingly and flagrantly violating Rule 7.1.

On September 16, 2024, the Court issued its Order, ordering that:

On or before September 27, 2024, Defendants shall amend their Notice of Removal to allege the citizenship of each constituent person or entity comprising the Plaintiff LLC (including the state of incorporation and principal place of business of any corporate entity member). If, by that date, Defendants are unable to truthfully allege complete diversity of citizenship, then this action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Accordingly, the undersigned reached out to Plaintiff's counsel and requested that Plaintiff's counsel disclose Plaintiff's citizenship. However, Plaintiff's counsel refused.

Plaintiff's flagrant and knowing violation of Rule 7.1, and its refusal to disclose the necessary information to Defendant's counsel, thwarts Rule 7.1's purpose of "facilitate[ing] an early and accurate determination of jurisdiction." *See* Advisory Notes. The Advisory Notes further explain that Rule 7.1 is designed to preempt this costly and unnecessary situation:

A party suing an LLC may not have all the information it needs to plead the LLC's citizenship... Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity—destroying citizenship. Disclosure is required by a plaintiff as well as all other parties and intervenors.

Accordingly, Defendants respectfully request that the Court issue an order: (1) staying any remand until Plaintiff discloses the information necessary to determine its citizenship, and (2) compelling Plaintiff to comply with Rule 7.1, or in the alternative, ordering jurisdictional discovery limited to determining Plaintiff's citizenship for purposes of 28 U.S.C. § 1332. See *Wells Advance LLC v. Carpenter*, No. 1:22-CV-09997 (JLR), 2022 WL 17631813, at *2 (S.D.N.Y. Dec. 13, 2022); *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC,* No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) ("When a plaintiff has made a 'threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of

jurisdiction,' courts 'have allowed jurisdictional discovery.'") (internal citations omitted). Defendants further respectfully request their costs incurred in determining Plaintiff's citizenship for diversity jurisdiction purposes.

Respectfully submitted

*/s/ Yeshaya Gorkin*

Yeshaya Gorkin

CC: Counsel for Plaintiff via ECF

Application GRANTED. Plaintiff is hereby ORDERED to file its Rule 7.1 Statement, "nam[ing]–and identify[ing] the citizenship of–every individual or entity whose citizenship is attributable to" Plaintiff, Fed. R. Civ. Proc. 7.1(a)(2), on or before **October 4, 2024**. Any remand is stayed *sine die*.

The Clerk of Court is directed to terminate ECF No. 12.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: September 27, 2024