ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ER TENNESSEE LLC,

                        Plaintiff,

        - against -                      24 Civ. 6587 (JHR)

1322 DEVELOPMENTS, LLC, et al.,          OPINION & ORDER

                        Defendants.

       This is a breach of contract action brought by plaintiff ER
Tennessee LLC against defendants 1322 Developments, LLC ("1322"
or the "LLC") and individuals Tim and Holly Roach (the
"individual defendants"). Before the Court are the individual
defendants' unanswered motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(6) (Dkt. No. 13) and plaintiff's
letter motion for leave to file an amended complaint pursuant to
Federal Rule of Civil Procedure 15(a) (Dkt. No. 21), which
defendants oppose. For the following reasons, plaintiff is
granted leave to file an amended complaint, and defendants'
motion to dismiss is therefore denied without prejudice as moot.

## BACKGROUND

       The following facts are taken from plaintiff's proposed
amended complaint and its incorporated attachments, which are
docketed as attached to the operative complaint. (Dkt. Nos. 1-1,
21). They are presumed true for the purposes of this motion.

       Plaintiff ER Tennessee LLC provides bridge financing for

- 1 -

third-party transactions. Prop. Am. Compl. ¶ 5. Defendant 1322, a Tennessee limited liability company, engaged ER Tennessee to provide bridge financing for a transaction between it and a third party, Prime Capital Ventures, with the goal of developing two pieces of property. Id. at ¶¶ 2, 6-7, 10-11. According to the Operating Agreement of 1322, individual defendants are two of the four managing-members of 1322 and were required to make an initial capital contribution of $2,386,378.25, amounting to 99.17% of 1322's initial paid in capital. Id. at ¶ 18; Operating Agreement ¶ 3.1, Sched. 2 (Dkt. No. 1-1, Ex. F). The Operating Agreement also states that 1322 owns the two properties to be developed. Operating Agreement ¶ 2.1.4(1).

On August 25, 2023, the transaction between the three parties was memorialized in an Intercreditor Agreement. Prop. Am. Compl. ¶¶ 10. As part of that agreement, plaintiff provided a loan to 1322 in the amount of $15,000,000. Id. at ¶¶ 13-14, 20. At the same time, 1322 executed a Security Agreement that granted interest in its personal property to plaintiff to secure repayment of the loan. Id. at ¶ 15; Security Agreement ¶ 2(a) (Dkt. No. 1-1, Ex. D). However, defendant 1322 defaulted on the loan, and plaintiff now seeks repayment in full from 1322 and the individual defendants. Prop. Am. Compl. ¶ 21-26; 34-42.

## PROCEDURAL HISTORY

On August 30, 2024, defendants removed this case from the Supreme Court of New York, New York County on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal at 1 (Dkt. No. 1). That notice of removal did not contain sufficient allegations of the citizenship of plaintiff's members, and therefore the Court ordered defendants to file an amended notice of removal by September 27, 2024. Order re Am. Notice of Removal (Dkt. No. 10). However, defendants could not obtain the citizenship information they needed about the plaintiff LLC by that date, and the Court ordered plaintiff to file a Rule 7.1 statement by October 4, 2024. Order re Rule 7.1 Statement (Dkt. No. 16). After an extension, plaintiff filed the statement on October 25. Order re Ext. (Dkt. No. 19); Rule 7.1 Statement (Dkt. No. 20). Yet defendants have not filed an amended notice of removal. See Letter Mot. re Leave at 1 (Dkt. No. 21).

Meanwhile, defendant 1322 Developments, LLC answered the complaint on September 8, 2024, and after an extension of their deadline, defendants Tim and Holly Roach moved to dismiss the complaint as to them on September 23, 2024. Answer (Dkt. No. 3); Mot. Dismiss (Dkt. No. 13). Per Local Rule 6.1(b), plaintiff's deadline to respond to the motion to dismiss was October 7, 2024. However, despite filing its Rule 7.1 statement and a

- 3 -

related extension request in the interim (see Rule 7.1 Statement; Letter Mot. re Ext. (Dkt. No. 17)), plaintiff did not address the motion to dismiss until November 18, 2024 when it filed a letter motion for leave to amend the complaint. Letter Mot. re Leave. Defendants opposed this motion on November 20, 2024, requesting that the Court deny the request as duplicative of existing allegations in the complaint, or in the alternative, deny it as to individual defendants as a consequence of missing the deadline to reply to their motion to dismiss. Letter Resp. (Dkt. No. 22). Since then, no additional filings have been made.

## DISCUSSION

### I.    Request for Leave to Amend

Plaintiff requested leave to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a) 42 days after its deadline to answer defendants' motion to dismiss. In its request, plaintiff points out that defendants have not filed an amended notice of removal, but do not explain how that would have caused its delay, nor provide any other reason for it. Letter Mot. re Leave at 1. In response, defendants argue that plaintiff's request should be denied as duplicative, or at least denied as to individual defendants due to its unexplained delay and the fact that the proposed amendment fails to cure the pleading's alleged insufficiencies. Letter Resp. at 2-3.

Rule 15(a)(1)(B) grants parties 21 days after a Rule

- 4 -

12(b)(6) motion to dismiss to amend its pleadings once as a matter of right. After 21 days, as plaintiff's request is here, Rule 15(a)(2) instructs that "the court should freely give leave when justice so requires." "[I]t is rare that such leave should be denied, especially when there has been no prior amendment." See Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991) (internal citation omitted), *overruled on other grounds by* 544 U.S. 197 (2005). However, leave to amend may be denied for undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, failure to cure deficiencies by prior amendments, or futility of amendment. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). The Court will not deny amendment as duplicative in light of the Federal Rules' liberal amendment policy. For the same reason, individual defendants' arguments that leave should be denied based on delay or futility are insufficient.

### a. Delay

Delay alone is not sufficient to deny amendment, absent a showing of bad faith or dilatory motive. Brecher v. Citigroup Inc., 2011 WL 5525353, at *2 (S.D.N.Y. Nov. 14, 2011). Defendants' argument that plaintiff's delay amounts to a surreptitious effort to respond belatedly to the motion to dismiss does not sufficiently allege bad faith or dilatory motive. Cf. Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d

321, 333 (2d Cir. 2000) (upholding leave to amend answer to add statutory defense despite seven-year delay). Therefore, the Court will not deny plaintiff leave to amend on the basis of its delay.

### b. Futility

Leave to amend should be denied for futility where the proposed amendment would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc., 2021 WL 621205, at *2 (S.D.N.Y. Feb. 17, 2021). The individual defendants argue that plaintiff's amended complaint is futile as to them because it fails to plead a valid theory under which they could be liable for 1322's debt. Therefore, the Court will grant leave to amend if it believes that plaintiff's amended complaint states a plausible claim that the individual defendants could be held liable for the LLC's debt by piercing the corporate veil. See id. at *4 ("[A]t this stage of the case Plaintiff merely needs to state a plausible claim for shareholder liability.")

To determine whether the corporate veil should be pierced, New York choice of law rules provide that this Court, sitting in diversity, should look to the law of the state of the LLC's registration, here, Tennessee. Partner Reinsurance Co. Ltd. v. RPM Mortg., Inc., 2020 WL 6690659, at *6 (S.D.N.Y. Nov. 13,

2020).

Courts in Tennessee pierce the corporate veil only in "extreme circumstances to prevent the use of a corporate entity to defraud or perform illegal acts," such as "when the corporation is liable for a debt but is without funds to pay the debt" due to misconduct by its officers.[1] Pamperin v. Streamline Mfg., Inc., 276 S.W.3d 428, 437 (Tenn. Ct. App. 2008); VP Buildings, Inc. v. Polygon Grp., 2002 WL 15634, at *4 (Tenn. Ct. App. 2002). Courts consider, inter alia, (1) whether the entity has been used to work a fraud or injustice; (2) whether there was a failure to collect paid in capital; (3) whether the corporation was grossly undercapitalized; (4) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors; and (5) the failure to maintain an arm's length relationships among related entities. H.G. Hill Realty Co. v. Re/Max Carriage House, Inc., 428 S.W.3d 23, 33 (Tenn. Ct. App. 2013).

Under this standard, the Court believes plaintiff's proposed amended complaint alleges facts upon which relief may be granted. Plaintiff asserts that 1322 owes it a debt, and that

---

[1] "Despite the inapplicability of the remedy's name, the 'corporate veil' of a Tennessee limited liability company may also be pierced, utilizing the same standards." Edmunds v. Delta Partners, L.L.C., 403 S.W.3d 812, 829 (Tenn. Ct. App. 2012) (citation omitted).

the LLC may not be able to pay that debt due to the individual defendants' actions. See generally Prop. Am. Compl. Plaintiff also alleges that the LLC never collected paid in capital from the individual defendants, which according to the capital contributions laid out in the LLC's Operating Agreement would have left it severely undercapitalized. See id. at ¶¶ 31-32; Operating Agreement ¶¶ 3.1-3.2. Plaintiff finally alleges that the LLC does not own either of the properties it claimed to own, and put up as security for the loan. Prop. Am. Compl. ¶¶ 27, 30. And that instead, the individual defendants have kept one of these properties in a separate entity, which they control entirely. Id. at ¶¶ 27-28. Thus, the Court cannot say that amendment would be futile, and plaintiff's request is granted.

## II.   Motion to Dismiss

Because leave to amend is granted, defendants' motion to dismiss is denied as moot. Defendants' argument that the Court should grant dismissal under Rule 41(b) because plaintiff's request to amend is untimely is unavailing. Rule 41(b) permits dismissal with prejudice where a "plaintiff fails to prosecute or to comply with [the federal] rules or a court order." Because Rule 41(b) "dismissals are the harshest of sanctions," the Second Circuit "insists that dismissal be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed,

- 8 -

and an opportunity to be heard." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (internal quotation marks and citation omitted). The Court has not had a chance to set forth any of these prerequisites since this is plaintiff's first procedural failing. Therefore, Rule 41(b) dismissal would be both procedurally and substantively improper.

However, if defendants make, and plaintiff fails to timely respond to, a renewed motion to dismiss, the Court may consider Rule 41(b) dismissal. Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the instant motion to dismiss.

**CONCLUSION**

For the foregoing reasons, plaintiff is granted leave to amend, and defendants' motion to dismiss is denied without prejudice as moot.

Additionally, in their opposition to plaintiff's request for leave to file an amended complaint, defendants assert that the Order directing them to submit an updated notice of removal (Dkt. No. 10) was terminated in the Court's Order dated September 27, 2024 (Dkt. No. 16). That is not so. Plaintiff has now filed a Rule 7.1 disclosure giving defendants the information they need. See Rule 7.1 Statement. Accordingly, defendants are hereby ordered to file an updated notice of removal by March 21, 2026.

- 9 -

- 10 -

So ordered.

Dated:    New York, New York
          March 12, 2026

                                    *Louis L. Stanton*
                                 LOUIS L. STANTON
                                    U.S.D.J.